UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

RODERICK THOMAS and ELBERT ALLEN, III,

      Plaintiffs,

v.

HOPE & GRACE RECOVERY CENTER, LLC,
a Florida Corporation, and KEVIN YATES,
individually,

      Defendants.
_____/

## COMPLAINT

COMES NOW Plaintiffs, RODERICK THOMAS and ELBERT ALLEN, III, by and through their undersigned counsel, and sues the Defendants, HOPE & GRACE RECOVERY CENTER, LLC (hereinafter, referred to as "HGR"), and KEVIN YATES individually, (hereinafter, collectively referred to as "Defendants") and allege as follows:

1. That Plaintiffs, former employees of the Defendants, bring this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq. The gravamen of this case is that the Plaintiffs were non-exempt employees hired by the Defendants on an hourly basis, but the Defendants willfully refused to (1) compensate the Plaintiffs for all work performed in direct contravention of the law; and (2) compensate the Plaintiffs for time and one half for each hour worked in excess of forty (40) hours per work week, as well as even the basic minimum wage for such work, under Federal law.

2. That jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

3. That the unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. That at all times material hereto, Plaintiffs were and are presently a resident of this judicial district, *sui juris* and otherwise within the jurisdiction of this Court.

5. That at all times material hereto, Defendants were the employers of the Plaintiffs, were conducting business in this judicial district and were 'employers' under the FLSA.

6. That at all times material hereto, Defendant, KEVIN YATES individually, acted directly in the interests of his employer, the Defendant, HGR, in relation to the Plaintiffs, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant, HGR, and is otherwise an 'employer' under the FLSA.

7. That at all times material hereto, Defendant, HGR, was and continues to be an 'enterprise engaged in commerce' within the meaning of the FLSA.

8. That at all times material hereto, Plaintiffs were 'engaged in commerce' within the meaning of the FLSA.

9. That on or about July 2019, the Plaintiff, RODERICK THOMAS ("THOMAS") was hired as a non-exempt employee by the Defendants.

10. During his employment, Defendants had Plaintiff, THOMAS, a non-exempt employee under the FLSA, work for Defendants in excess of forty (40) hours per week. However, the Defendants willfully refused to compensate the Plaintiff, THOMAS, for time and one half for each hour worked in excess of forty (40) hours per work week, as well as even the basic minimum wage for such work, as required by the FLSA.

11. Specifically, Plaintiff, THOMAS, worked for Defendants as a technician earning $15 per hour.

12. However, for his last four weeks of employment, Plaintiff, THOMAS, was not paid any wages.

13. From August 18, 2019 to September 1, 2019, Plaintiff, THOMAS, worked forty hours per week for a total of 80 hours.

14. Thus, Defendants owe Plaintiff, THOMAS, $1,200.00 in unpaid wages for this time period.

15. From September 2, 2019 until September 15, 2019, Plaintiff, THOMAS, worked 80 hours per week, 40 straight time hours and 40 overtime hours.

16. Therefore, Defendants owe Plaintiff, THOMAS, $1,200.00 as straight-time pay, and one and one-half his regular rate of pay for each of his 80 hours of overtime, which is an additional $1,800.

17. In total, Defendants owe Plaintiff, THOMAS, $4,200 in unpaid wages.

18. Similarly, the Plaintiff, ELBERT ALLEN, III ("ALLEN, III") was also hired as a technician by the Defendants earning $16.00 per hour.

19. Like, Plaintiff, THOMAS, for the last four weeks of employment, Plaintiff, ALLEN, III, was not paid any wages.

22. Plaintiff, ALLEN, III, worked fifty hours per week for a total of 200 hours.

23. Therefore, Defendants owe Plaintiff, ALLEN, III, $2,560.00 as straight-time pay, and one and one-half his regular rate of pay for each of his 40 hours of overtime, which is an additional $960.

26. In total, Defendants owe Plaintiff, ALLEN, III, $3,520 in unpaid wages.

## COUNT I
## FLSA – HGR

Plaintiffs incorporates by reference the allegations contained in paragraphs 1 through 26 of this Complaint.

27. That Plaintiffs is entitled to minimum wage for hours worked as well as time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

28.  That by reason of the intentional, willful and unlawful acts of the Defendant, HGR, in violation of the FLSA, Plaintiffs has suffered damages.

**WHEREFORE**, Plaintiffs, RODERICK THOMAS and ELBERT ALLEN, III, demands judgment against the Defendant, HGR, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA –KEVIN YATES

Plaintiffs incorporates by reference the allegations contained in paragraphs 1 through 26 of this Complaint.

29.  That Plaintiffs is entitled to minimum wage for hours worked as well as time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

30.  That by reason of the intentional, willful and unlawful acts of the Defendant, MENDI V. RIGGINS, in violation of the FLSA, Plaintiffs has suffered damages.

WHEREFORE, Plaintiffs, RODERICK THOMAS and ELBERT ALLEN, III, demands judgment against the Defendant, KEVIN YATES, individually, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT III
## UNPAID WAGES-HGR

Plaintiffs incorporates by reference the allegations contained in paragraphs 1 through 26 of this Complaint.

31.  That the Defendant, HGR, as alleged herein and above, has wrongfully withheld unpaid wages owed to the Plaintiffs.

32.  That as a result of the Defendant, HGR's wrongful withholding of Plaintiffs' wages,

the Plaintiffs has been damaged.

**WHEREFORE**, Plaintiffs, RODERICK THOMAS and ELBERT ALLEN, III, demands judgment against the Defendant, awarding Plaintiffs his unpaid wages, costs, reasonable attorney fees pursuant to Florida Statutes 448.08, as well as any other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury.

Dated: December 23, 2019.   Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida  33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
chad@levylevylaw.com
Secondary: assistant@levylevylaw.com
F.B.N.: 0851701
DAVID M. COZAD, ESQ.
david@levylevylaw.com
F.B.N.: 333920